UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NICHOLAS CREPPEL | ) | CIVIL ACTION NO. |
| | ) | |
| VERSUS | ) | SECTION : |
| | ) | |
| MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC | ) ) | MAGISTRATE: |

### SEAMAN'S COMPLAINT

The complaint of Nicholas Creppel, a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana (hereinafter sometimes referred to as "Plaintiff"), who respectfully represents as follows:

1.

Made defendants herein is:

a) MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC, a corporation organized according to the laws of the State of Delaware, but at all times pertinent hereto, was authorized to do, and was doing business in, the State of Louisiana; which, at all times pertinent hereto, was the owner of a vessel in navigation, the M/V *AVE MARIE*.

2.

The jurisdiction of this Honorable Court is based upon the provisions of 28 U.S.C. § 1333, and is being brought pursuant to the provisions of 46 U.S.C. § 30104 (the "Jones Act"), and the provisions of the general maritime law. Specifically, plaintiff is entitled to avail himself of the provisions of 28 U.S.C. Section 1916, allowing him to proceed without the necessity of

1

prepayment of costs, fees or the posting of security, and Rule 9(h) of the Federal Rules of Civil Procedure.

3.

The defendant, Marquette Transportation Company Gulf-Inland, LLC, is justly and truly indebted unto your plaintiff, Nicholas Creppel, for the following reasons, to-wit:

4.

At all material times, plaintiff Nicholas Creppel was employed by Marquette Transportation Company Gulf-Inland, LLC. as a deckhand and a Jones Act seaman.

5.

Plaintiff was permanently assigned by defendant, Marquette Transportation Company Gulf-Inland, LLC, to work aboard the M/V *AVE MARIE,* a vessel that was owned and/or operated and/or chartered and/or controlled by Marquette Transportation Company Gulf-Island, LLC. at all material times herein.

6.

On or about, November 9, 2013, while performing his duties as a deckhand aboard the M/V *AVE MARIE*, plaintiff, Mr. Creppel was assigned to assist in the tying off of a barge and a tow, which were to be attached to the M/V *AVE MARIE*.

7.

While performing his duties, as a deckhand, plaintiff assisted the first mate in attempting to tie off a barge and a tow.  The first mate was trying to maneuver the wire and lost control of the wire which then struck the plaintiff in the face causing severe injuries.  This caused the plaintiff to stumble backward and twist away from the point of impact causing additional injuries to his back, neck and parts of his body.

8.

Plaintiff shows that at all times pertinent he was where he was ordered to be and performing the duties and functions he was instructed and obliged to perform pursuant to directives of defendant, Marquette Transportation Company Gulf-Island, LLC.; its agents, employees, and/or assigns.

9.

The casualties occurred as a direct and proximate result of the negligence of defendant, Marquette Transportation Company Gulf-Island, LLC., and/or the negligence of the master and/or crew of the M/V *AVE MARIE* in failing to provide adequate equipment aboard the vessel, failing to provide adequate personnel to accomplish the barge tie-off operation in a same and seamanlike manner, ordering the crew to work using unsafe conditions, as well as other acts of negligence which will also be proven at trial.  These acts of negligence render defendant, Marquette Transportation Company Gulf-Island, LLC., liable to plaintiff pursuant to the Jones Act, 46 U.S.C. §30104, and also liable pursuant to the general maritime law for negligence.

10.

In the alternative, plaintiff's that a proximate cause of his accident and subsequent injures the defendants' violation of numerous statutes and regulations, including, but not limited to, statutes and regulations issued by OSHA and the United States Coast Guard.

11.

Plaintiff further demands that defendant, Marquette Transportation Company Gulf-Island, LLC., provide him with maintenance and cure benefits until such time as he reaches "maximum medical cure," as determined by plaintiff's treating physician.  Plaintiff demands that maintenance be instituted in the amount of fifty ($50.00) dollars per day from the date of his injury.

Case 2:14-cv-01897-JTM-MBN   Document 1   Filed 08/19/14   Page 4 of 6

12.

In addition, the defendant has refused and/or failed and/or partially failed to timely pay plaintiff's maintenance and cure benefits. The refusal/failure to do so on a timely basis was willful, wanton, arbitrary, capricious, and/or otherwise without cause. As a result, the plaintiff has had to endure additional and unnecessary pain, suffering and financial stress and possible worsening of his physical condition. As a result thereof, the defendant is liable until the plaintiff for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States' ruling in *Atlantic Sounding Co., Inc v. Townsend*, 129 S. Ct. 2561 (2009).

13.

The above-described incidents were caused solely by the negligence of defendants, Marquette Transportation Company Gulf-Island, LLC, through their agents, servants and employees, which are more particularly described as follows:

NEGLIGENCE OF MARQUETTE TRANSPORTATION COMPANY GULF-ISLAND, LLC.

    a) Failing to properly supervise its employees.

    b) Failing to properly train and/or supervise plaintiff and other employees.

    c) Failing to provide plaintiff with a safe place to work, and requiring plaintiff to work in unsafe conditions.

    d) Failing to adequately equip its vessel with proper equipment required to perform certain operations.

    f. Other acts of negligence which will be shown more fully at trial.

14.

4

Additionally, and in the alternative, plaintiff, Nicholas Creppel, reiterating and realleging each and every allegation set forth above, as though set forth herein *in extenso*, avers that a proximate cause of his accident and his subsequent injuries was the unseaworthiness of the M/V *AVE MARIE,* in being improperly equipped and supplied with equipment which was unsuited for their intended purposes, the applicability of the doctrine of *res ipsa loquitur*.

15.

As a result of the above-described negligence and unseaworthiness of the vessel, plaintiff, Nicholas Creppel, sustained the following damages:

a. Past, present and future physical pain and suffering;

b. Past, present and future mental pain, suffering and anguish;

c. Past, present and future medical expenses;

d. Past lost wages;

e. Past lost found;

f. Loss of future earning capacity;

g. Loss of future found;

h. Loss of fringe benefits;

i. Disfigurement and disability;

j. Loss of enjoyment of life; and,

k. Other damages which shall be proven at trial.

16.

Plaintiff is entitled to prejudgment interest on his damages from the dates of loss. As to any damages which the court determines are not properly subject to an award of prejudgment interest, plaintiff demands interest from the date of judicial demand.

17.

Plaintiff is entitled to recover all costs of these proceedings, including filing fees, expert witness fees, attorney's fees and other court costs and litigation costs.

**WHEREFORE**, plaintiff, Nicholas Creppel, prays that the defendants Marquette Transportation Company Gulf-Island, LLC., be duly cited and served with a copy of the Complaint and that after due proceedings are had there be judgment rendered herein in favor of plaintiff and against Marquette Transportation Company Gulf-Island, LLC., in an amount sufficient to adequately compensate your plaintiff for his damages together with legal interest thereon from date of judicial demand until paid, for all costs of this suit and for all general and equitable relief.

**RESPECTFULLY SUBMITTED BY:**

*/s/Ronna M. Steele*
**RONNA M. STEELE (#20006)**
**ROBERT H. COOPER (#04378)**
301 Huey P. Long Avenue
Gretna, LA  70053
Telephone:  (504) 366-3475
Attorney for Nicholas Creppel
Email: *rsteele@usagulf.com*

PLEASE SERVE:

Marquette Transportation Company Gulf-Island, LLC.
Through its authorized agent for service of process
Cossich, Sumich & Parsiola, LLC
8397 Hwy. 23
Belle Chasse, LA 70037